UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MELVIN DEAN HANKS,

Petitioner,

vs.

JAY CHRISTENSEN,

Respondent.

Case No. 1:21-cv-00292-CWD

**INITIAL REVIEW ORDER AND NOTICE OF INTENT TO DENY PETITION**

Melvin Dean Hanks (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court determinate life sentence. Dkt. 2. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it is should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court for clear procedural or substantive reasons," the petition will be dismissed before service on the opposing party. Rule 4 of the Rules Governing Section 2254 Cases. Federal courts are not required to address procedural bars before deciding against the petitioner on the merits. *See* 28

U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 6. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the Petition, the Court preliminarily concludes that Petitioner's entire case is subject to summary dismissal or, alternatively, denial on the merits. Petitioner will be required to show cause why his Petition should not be dismissed or denied.

## REVIEW OF PETITION

### 1. Background

In 1984, Petitioner was convicted of aggravated battery, first degree kidnapping, attempted rape, and two counts of infamous crime against nature in a criminal action in the Fifth Judicial District Court in Minidoka County, Idaho. The state district court sentenced Petitioner to "'the determinate term of life, pursuant to Idaho Code § 19-2513A' for first degree kidnapping." *See* Exhibit A to this Order, *Hanks v. State*, No. 46435, (Idaho Ct. App. Feb. 28, 2020), pp. 1-2. A transcript of the sentencing hearing does not exist. *See id.*, p. 2. n.1. Over the next three decades, Petitioner pursued a motion for reduction of sentence and multiple post-conviction actions challenging his fixed

sentence in state court, but he received no relief. *See* Dkt. 2, cataloging state collateral review actions.

In 2016, Petitioner filed another successive petition for post-conviction relief "alleging his determinate life sentence was not to exceed thirty years" and that "his sentence of incarceration had expired." *Id*., p. 2. The state district court found that the claims were legally frivolous because there was no legal basis to support his claim that, at the time of his sentencing, a sentence of determinate life was construed as a term of thirty years. *Id*. The Idaho Court of Appeals upheld the decision on appeal, reasoning:

> Although transcripts of the sentencing hearing do not exist, all documents in the record show the district court sentenced Hanks to a determinate life term and did not impose any additional qualifications upon the sentence.
>
> At the time of Hanks's sentencing, I.C. § 18-4504 mandated that trial courts sentence individuals convicted of first degree kidnapping to death or life imprisonment. I.C. § 18-4504 (1984). However, a trial court imposing a life sentence for a conviction under the statute had discretionary authority to order the term either as determinate or indeterminate. I.C. § 19-2513A (repealed 1986); *State v. Nellsch*, 110 Idaho 594, 595, 716 P.2d 1366, 1367 (Ct. App. 1986).
>
> Here, the district court recognized its discretionary authority pursuant to I.C. § 19-2513A, but repeatedly indicated in the judgment of conviction and order of commitment that it sentenced Hanks to "the determinate term of life" for his first degree kidnapping conviction.

*Id*., p. 6.

Petitioner next filed a petition for review in the Idaho Supreme Court, which was denied. Thereafter, he filed this Petition for Writ of Habeas Corpus, reasserting his claims that a determinate life sentence equals no more than 30 years. Dkt. 2.

**2. Standard of Law**

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A challenge to a state court judgment that addressed the merits of any federal claims is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA limits relief to instances where the state court's adjudication of the petitioner's claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the

state court's application of federal law must be objectively unreasonable to warrant relief from the federal court. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

If fairminded jurists could disagree on the correctness of the state court's decision, relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

The source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

In federal court, the findings of fact of the state appellate court (and the state district court findings of fact not in conflict with state appellate court findings of fact) are entitled to AEDPA deference. *See James v. Ryan,* 733 F.3d 911, 916 (9th Cir. 2013) (noting that *Johnson* "does not require us to ignore a state court's explicit explanation of

its own decision"); *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991)(we look "to the last reasoned decision" resolving a claim).

Under §2254(e)(1), this Court will presume state court findings of fact are correct, unless Petitioner shows, by clear and convincing evidence, that the findings of fact are incorrect *and* unreasonable. In *Pizzuto v. Yordy*, the Ninth Circuit reiterated the high standard for such a showing:

> Under § 2254(d)(2), we may not characterize a state court's factual determinations as unreasonable "merely because [we] would have reached a different conclusion in the first instance." *Brumfield*, 135 S. Ct. at 2277 (alteration in original) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010)). "Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference." *Id*. "If '[r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's ... determination.'" *Id*. (alterations in original) (quoting *Wood*, 558 U.S. at 301, 130 S.Ct. 841).

947 F.3d at 530.

**3. Discussion**

In this action, Petitioner brings a claim that he is being "currently restrained unlawfully beyond discharge of his life sentence." Dkt. 2, p. 6. It appears that he now has served over thirty years in prison.

### *A. Claim Construed as a Non-Cognizable State Law Issue*

In this action, Petitioner asks the Court to invalidate the Idaho Court of Appeals' decision rejecting his claim that his determinate life sentence actually was a thirty-year

sentence. The Court of Appeals concluded that his claim "is contradicted by established legal precedent and is clearly disproved by the record." Exhibit A, p. 1.

Petitioner's claim raises a question of state law: the interpretation of an "indeterminate life sentence " under a state statute. *See State v. Murphy*, 158 P.2d 315 (Idaho Ct. App. 2007)(citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)). Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1994)(citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A federal court may review a state court's interpretation of state law only when the state court's interpretation is (1) "untenable, "meaning 'incapable of being maintained or supported,'"[1] or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975).

Here, the Idaho courts' rejection of the argument that an indeterminate life sentence means automatic release after thirty years is not untenable. In fact, it is Petitioner's assertions that are untenable. Petitioner's legal theory is a variation of a

---

[1] Oxford English Dictionary online, http://dictionary.oed.com, *untenable* (2d. ed. 1989).

similar claim that other Idaho prisoners have made repeatedly, arguing that, because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years for purposes of *release* from prison. The argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), in which the Idaho Supreme Court noted that "sentences of thirty years or more must be treated *for purposes of parole eligibility* as effective life sentences." *Id*. at 260 (emphasis added).

In *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years. In rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds*, *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243.[2]

In Petitioner's own case, the Idaho Court of Appeals concluded that Petitioner failed to support his claim "legally or factually." *Id*., p. 8. The Court finds no "subterfuge to avoid federal review" in the state sentencing statute or in the manner it has been interpreted. The interpretation is plain and reasonable, and there is no indication that the Idaho legislature or Idaho courts are simply attempting to keep a federal issue out of federal court by the statute's design or its interpretation. Petitioner's argument that a state judge is required to use the term "for the defendant's natural life" or "until death" instead of "life," "fixed life," or "determinate life," has no support in federal law.

The Court preliminary concludes that Petitioner has not stated a federal claim with his allegations. Petitioner's allegations amount to a state law claim not cognizable on federal habeas corpus review.

***B. Claim Construed under Due Process Provisions of Federal Constitution***

Even if the Court construes Petitioner's sentencing claims as stating due process violations under the federal Constitution, his claims fail on the merits. A sentence is not subject to collateral attack in habeas corpus unless the sentence was not "within the statutory limits " or "the proceeding was . . . infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United*

[2] The Idaho Court of Appeals' decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

*States v. Addonizio*, 442 U.S. 178, 186 (1979). Due process may be violated if sentences are "imposed on the basis of misinformation of constitutional magnitude." *Roberts v. U.S.*, 445 U.S. 552, 556 (1980) (internal citations omitted) (regarding factual misinformation). If a sentence is "within the limits set by the statute, its severity would not be grounds for relief." *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Here, the sentence was clearly within statutory limits. The penalty for first degree kidnapping at the time of Petitioner's conviction was death or life imprisonment. Idaho Code § 18-4504. Consistent with this statutory provisions, the trial court in this case sentenced Petitioner to a term of life in prison with no opportunity for parole. The trial court had the option of sentencing Petitioner to indeterminate life, but the record makes clear that it intended Petitioner's term to be determinate life "in light of the violence of Hanks's crimes and the poor likelihood of rehabilitation." *See* Exhibit A, pp. 6-7.

As set forth above, Petitioner's sentence of a term of life in prison without the potential for parole was within the range authorized by the controlling Idaho statute, and it is not ambiguous or arbitrary with respect to its terms. The Court preliminarily concludes that, construed as a federal due process claim, Petitioner's claim is subject to dismissal for failure to state a claim upon which relief can be granted.

### ***C. Eighth Amendment Cruel and Unusual Punishment Claim***

Petitioner also argues that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. This claim is meritless. Petitioner was

sentenced to a determinate life term. At the time of his sentencing in 1992, his direct appeal in 1994, and the state appellate review of his Rule 35 motion in 2007, precedent from the United States Supreme Court did *not* support Petitioner 's argument that his sentence is unconstitutional. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine); *Lockyer v. Andrade*, 583 U.S. 63, 75 (2003) (a sentence of two consecutive terms of 25 years to life in prison for third strike under California law for petty theft is not cruel and unusual).

The state district court declined to reduce Petitioner's sentence to one that would allow for the possibility of parole, "finding the determinate life sentence was appropriate in light of the violence of Hank's crimes and the poor likelihood of rehabilitation." *See Exhibit A, at *7.*

Nothing in the record shows that the punishment was not fitting for the crimes or that the state court decisions were based upon an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). In addition, Petitioner 's sentence is not contrary to *Harmelin* and *Lockyer*, and therefore the Court preliminarily concludes that he is not entitled to relief under § 2254(d)(1).

**4. Summary**

For the foregoing reasons, the Court gives Petitioner notice that it intends to summarily deny and dismiss his Petition for lack of merit. Petitioner shall file a response to this Order to show cause why his entire case should not be dismissed with prejudice.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is MOOT, as he has paid the filing fee.
2. Petitioner may file a response of no more than 15 pages to this Order **within 21 days** after entry of this Order.
3. Petitioner shall provide a copy of his judgment of conviction and sentence, and any other state court documents that support his argument, with his response. If he does not have copies of the state court record, he shall notify the Court **within 14 days** after entry of this Order.

DATED: June 29, 2022

Honorable Candy W. Dale
Chief U.S. Magistrate Judge